IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO SMITH, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> AMNAD, INC. D/B/A A&M SUPER WASH LAUNDRY D/B/A MAYWOOD LAUNDROMAT, SPAG, INC. AND ANTHONY CRISTOFANO, INDIVIDUALLY <br><br> Defendants. | No. 22-CV- <br><br> **Hon. Judge** <br> **U.S. District Court Judge, Presiding** <br><br> Hon. Judge <br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **ANTONIO SMITH,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **AMNAD, INC. D/B/A A&M SUPER WASH LAUNDRY D/B/A MAYWOOD LAUNDROMAT, SPAG, INC. AND ANTHONY CRISTOFANO** (the "Defendants"), states as follows:

**I.    NATURE OF ACTION**

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*.

**II.    JURISDICTION AND VENUE**

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the

employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

**III.** **THE PARTIES**

3. Defendant, **AMNAD, INC. D/B/A A&M SUPER WASH LAUNDRY D/B/A MAYWOOD LAUNDROMAT** (hereinafter referred to individually as ("A&M") is an Illinois corporation that owns and operates multiple laundromats, including A&M Super Wash Laundry and Maywood Laundry.

4. Defendant, **SPAG, INC.** is (any further reference herein to A&M shall include Spag, Inc.) an Illinois corporation that owns and operates multiple laundromats, including A&M Super Wash Laundry and Maywood Laundry, along with AMNAD, Inc.

5. A&M operates multiple coin laundromats that provide laundry services, including washing and drying clothing, folding and laundry pickup and delivery services. A&M operates laundromats located at 7043 Roosevelt Rd. in Berwyn, Illinois and 922 Madison St. in Maywood, Illinois.

6. A&M is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

7. During all relevant times, A&M was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

8. Defendant **ANTHONY CRISTOFANO** (hereinafter referred to individually as "Cristofano", and any reference to Defendant A&M shall likewise include and refer to

Case: 1:22-cv-01554 Document #: 1 Filed: 03/24/22 Page 3 of 12 PageID #:3

Cristofano) is the President and owner both Corporate Defendants and the primary manager of all laundromats owned and operated by Defendants.

9. In his capacity as President, owner and manager, Cristofano was vested with the authority to implement and carry out the wage and hour practices of A&M.

10. Cristofano acted as the manager of A&M and was responsible for assigning tasks, creating and distributing schedules, operations supervision, payment of wages and otherwise oversaw all aspects of A&M's business operations and client interactions.

11. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Cristofano and Cristofano in turn responded to those communications with the authority described herein.

12. Thus, at all times relevant hereto Cristofano was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

13. Plaintiff, **ANTONIO SMITH,** is a former laundry attendant employee of Defendants who performed all manual labor aspects of laundromat operations and service, including welcoming customers, operating the register, washing, drying and folding clothes, perform basic inspections of machines, etc.

14. Plaintiff was consistently required to work more than 40 hours each week and was only paid a straight time rate for all hours worked each week.

15. Additionally, Defendants illegally paid Plaintiff his wages in all cash, and as such deprived Plaintiff of contributions to Social Security, Medicare, Medicaid, etc.

16. Plaintiff worked over 40 hours most, if not all work weeks he worked for Defendants and was not paid his overtime rate of pay of one and one-half his regular rate.

3

17. A&M should have compensated Plaintiff at a rate of one and one-half for all hours worked over 40 in individual work weeks.

18. Defendants compensated Plaintiff, and members of the Plaintiff Class, on an hourly basis but failed to pay one-and one-half times the employees' regular hourly rates of pay for all hours worked.

19. Defendants' violations as alleged herein were in violation of the federal and state laws relied upon herein.

20. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid only their straight time rate of pay for all hours worked and not compensated at a rate of one and one-half said regular rates for all overtime-eligible hours worked in excess of 40 in individual work weeks.

21. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**IV. STATUTORY VIOLATIONS**

**Collective Action Under the Fair Labor Standards Act**

22. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

23. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

24. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment was integral and indispensable to Defendants' business.

25. Plaintiff began working for Defendants as a laundry attendant in approximately mid-2015. Plaintiff separated from Defendants on approximately February 2022.

26. Plaintiff performed a variety of manual labor duties related to laundromat operations and service, including welcoming customers, operating the register, washing, drying and folding clothes, perform basic inspections of machines, etc. Plaintiff performed exclusively manual labor and attendant duties for Defendants.

27. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Cristofano. Cristofano managed day-to-day activities for Plaintiff and all other hourly workers.

28. Cristofano was directly involved in all of Defendants' business operations, including the minute details of the specific duties being performed by Plaintiff and other hourly employees at Defendants' laundromats each day. Cristofano directly supervised and managed Plaintiff and putative class members on a daily basis.

29. Plaintiff was paid approximately $10.00 per hour for most of his employment. Plaintiff believes he received a raise to $11.00 per hour in August 2021. Plaintiff was paid all wages, in cash, at the end of each work week – which would typically be Friday.

30. During the course of his employment, Plaintiff recorded his work hours using a punch card, which transmitted clock in and clock out times to a software system and computer/phone application used by Cristofano to track weekly hours. Plaintiff recorded his hours each shift in compliance with Defendants' timekeeping policies. Cristofano managed Defendants' payroll and completed all wage calculations.

31. Plaintiff almost always worked in excess of 40 hours in a week. Plaintiff worked a two-week, rotating schedule. Plaintiff would work two full weeks, all seven days each week, plus a Monday, Tuesday and Wednesday in a third week (for a total of 17 straight working days) before getting two days off (typically a Thursday and Friday) and then starting a new 17-day schedule.

32. Plaintiff's shifts were typically 3:00 p.m. to 10:00 p.m. or whenever the last customer wash was completed, whichever was later. Most often, Plaintiff would leave work at 11:00 p.m.

33. Frequently, Plaintiff worked in excess of his assigned start and end times because he would cover the end of the early shift for another employee or was otherwise asked to report to work early. As such, Plaintiff frequently worked from 12:00 p.m. to 11:00 p.m. All of Plaintiff's work hours, included extra hours worked on top of his regular schedule were recorded via using the company-issued timecard.

34. Plaintiff typically worked 50 or more hours each week.

35. As stated above, Defendants paid Plaintiff all of his wages in cash. Plaintiff would receive about $500 per week in cash as straight time wages for all hours worked.

6

36. Defendants calculated Plaintiff's cash payments by multiplying the number of hours worked by Plaintiff each week by the straight time rate of pay. Defendants did not provide Plaintiff with any paystub, wage statement, receipt or similar document reflecting wages paid to him.

37. Plaintiff, however, never received overtime premiums of one and one-half time his regular rate of pay for these hours worked in excess of 40 in individual work weeks. Instead, Plaintiff received only his regular, straight time rate of pay for all hours worked.

38. Plaintiff inquired with Cristofano and Defendants regarding their failure to pay overtime wages on numerous occasions during his employment. However, Cristofano never provided Plaintiff with a reason as to why he and other hourly employees were not paid overtime premiums. Defendants never remedied their failure to pay overtime wages, despite complaints by Plaintiff.

39. Plaintiff was not exempt from the overtime provisions of the FLSA and IMWL.

40. Defendants' illegal payment of wages to Plaintiff and putative class members in cash was implemented in part to assist Defendants in circumventing the overtime requirements of the FLSA and IMWL.

41. Further, the illegal practices of failing to pay overtime premiums and paying wages in cash decreased the amount of taxes paid by Defendants to the United States Treasury and deprived Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid, etc.

42. During his entire employment with Defendants, Plaintiff, and members of the Plaintiff Class, were paid on a weekly basis. Plaintiff, and members of the Plaintiff Class, were only paid their regular, straight time rates of pay for all hours worked, including overtime-eligible hours in excess of 40 hours in a single work week.

43. Upon information and belief, Plaintiff understood that all hourly employees were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

44. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

45. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

46. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-46. Paragraphs 1 through 63 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 63 of this Count I.

8

47. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

48. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-48. Paragraphs 1 through 48 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 48 of Count II.

49. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom,

9

Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

50. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-50. Paragraphs 1 through 50 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 50 of Count III.

51. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and

federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

52. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-52. Paragraphs 1 through 52 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 52 of this Count IV.

53. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

54. The Illinois Minimum Wage Law provides that an employer who fails to pay the required wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 19, 2019 and (b) treble the

amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

55. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 03/24/2022*

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

Attorneys for Plaintiff, and those similarly situated, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450