IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANTONIO SMITH,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | **N<u>o</u>.** 22-cv-01554 |
| Plaintiff, | **Hon. Judge Jorge L. Alonso**<br>**U.S. District Court Judge, Presiding** |
| v. | Hon. Judge Maria Valdez<br>Magistrate Judge |
| **AMNAD, INC. D/B/A A&M SUPER WASH LAUNDRY D/B/A MAYWOOD LAUNDROMAT, SPAG, INC., ANTHONY CRISTOFANO, SR., INDIVIDUALLY AND ANTHONY M. CRISTOFANO, JR., INDIVIDUALLY** | ***JURY DEMAND*** |
| Defendants. | |

**PARTIES' JOINT MOTION FOR
APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Antonio Smith ("Plaintiff"), and Defendants, AMNAD, Inc., Spag, Inc., Anthony Cristofano, Sr., and Anthony M. Cristofano, Jr. ("Defendants"), by and through their attorneys, respectfully move this Court to approve their settlement. The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute between them. In support of their motion the Parties state as follows:

1. On March 24, 2022, Plaintiff his class and collective action Complaint against Defendants alleging that he and others were owed unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and related state and local laws. Dkt. 1.

2. On July 5, 2022, Plaintiff filed a First Amended Complaint that named (and clarified) Anthony Cristofano, Sr. and Anthony M. Cristofano, Jr. Dkt. 20.

3. On November 28, 2022, Plaintiff filed his unopposed Motion for Stage One-Conditional certification of an FLSA Collective Action. Dkt. 28. This Court granted the motion. Dkt. 30.

4. Following the closure of the opt-in period, no noticed class members joined. Since no other person took affirmative action to join the case through filing a consent form, the claims of non-joined, noticed class members are not impacted by the settlement reached between the Named Parties. 29 U.S.C. §255(a); *Perez v. Comcast*, No. 10 C 1127, 2011 WL 5979769, at *2 (N.D. Ill. Nov. 29, 2011). The Parties have resolved the case on behalf of only Plaintiff Smith.

5. Over the past few months, Defendants produced Plaintiff's time and pay records and the Parties informally exchanged volumes of documents. In June, July and August of 2023, the Parties were engaged in arm's-length settlement negotiations and have reached a settlement on Plaintiff's individual claims.

6. Prior to reaching a settlement, counsel for Plaintiff and Defendants conducted thorough investigations into the merits of the potential claims, exchanged information and analyzed the defenses to Plaintiff's claims and the damages to which Plaintiff may be entitled if he prevails. Therefore, the Parties have sufficient information to agree to a settlement.

7. In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); see also *Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679

F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

8. As explained, the settlement was reached after extensive negotiations between the Parties and exchange of information and documents. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Should this matter have continued, the Parties would have proceeded with written and oral discovery and potentially briefing dispositive motions and/or a trial. This litigation could have lasted well into 2024. If Plaintiff prevailed on his claims, Defendants would be faced with the prospect of a verdict against it and the obligation to pay attorneys' fees and costs. If Defendants prevailed, Plaintiff faced dismissal of his claims and no recovery.

9. Under the settlement, Plaintiff will receive a substantial portion of the back pay he alleges plus additional monies for penalties provided by the FLSA and IMWL. In sum, Plaintiff will receive a gross settlement of $7,687.50 (before FICA withholdings).

10. Plaintiff's attorneys will receive $16,062.50 in attorneys' fees and costs, representing their reduced, negotiated lodestar fees. For purposes of settlement only, Defendants do not object to this award of attorneys' fees and costs. The Parties negotiated Plaintiff's counsels' fees separately from Plaintiff's damages. *Bonetti v. Embarq Management Company,*

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (wherein the Court found that where fees are negotiated separate and apart from the back wage compensation to Plaintiff, the court should approve the settlement).

11. All Parties agree as to all terms of the settlement and have each executed the Parties' Settlement Agreement, attached hereto for the Court's review as **Exhibit 1**.

12. Based upon the foregoing, the Parties request that this Court review their Settlement Agreement and approve the same.

13. The Parties also request that the Complaint be dismissed initially without prejudice that will automatically convert to a dismissal within prejudice within fifty-two (52) days after an order approving the settlement is entered, unless a motion to reinstate the case is filed for the sole purpose of enforcing the Settlement Agreement.

14. The Parties will submit a Joint Proposed Order for the Court's consideration to Proposed_Order_Alonso@ilnd.uscourts.gov.

WHEREFORE, The Parties respectfully request that the Court: (1) grant the Motion; (2) enter the Proposed Order or an Order substantially similar to it in which the Court approves of the Settlement Agreement; (3) dismiss the Complaint initially without prejudice that will automatically convert to a dismissal with prejudice 14 days after the Court's approval, with and each party to bear their own fees and costs (except as provided in the Settlement Agreement); and (4) any other relief that the Court deems appropriate.

Respectfully submitted,

*Electronically Filed 08/31/2022*

s/ Samuel D. Engelson            .
Samuel D. Engelson
One of Plaintiff's Attorneys

Billhorn Law Firm
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604

/s Justin DeLuca
One of the Attorneys for Defendants

Justin DeLuca
**ELLIS LEGAL P.C.**
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 767-3256
jdeluca@ellislegal.com